**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS W. LOTTS,

Plaintiff,

v. Case No. 8:26-cv-786-TPB-TGW

LISA RICH, et al.,

Defendants.
_________________________________________ /

**ORDER GRANTING IN PART "DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT"**

This matter comes before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law," filed on July 2, 2026. (Doc. 10). Plaintiff Thomas W. Lotts failed to file a response in opposition, and the time to do so has expired. After reviewing the motion, court file, and record, the Court finds as follows:

**Background**[1]

This case arises from a prior Adult Protective Services investigation involving Plaintiff Thomas W. Lotts in Citrus County, Florida. Lotts claims that Defendants Lisa Rich (an APS investigator) and Dave Knazur (an APS supervisor) assigned him a "stigmatizing internal designation" of "accused perpetrator" or "alleged perpetrator" without notice, due process, or any opportunity to respond. Plaintiff claims that these

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

actions caused him to be excluded from caring for his mother, denied participation in critical decisions, and prevented him from being with his mother before and during the final moments of her life.

On March 23, 2026, Plaintiff filed his one-count complaint against Rich and Knazur alleging a deprivation of procedural due process under 42 U.S.C. § 1983. He seeks compensatory and punitive damages in the amount of **$10,000,000.00.** Defendants have moved to dismiss the complaint for, among other things, failure to state a claim.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the

merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

**Analysis**

Plaintiff brings a single count under § 1983 alleging that Defendants violated his procedural due process rights under the Fourteenth Amendment by assigning him a "stigmatizing" internal designation without notice or an opportunity to respond. Although Plaintiff repeatedly alleges that Defendants deprived him of due process, damaged his reputation, and interfered with his relationship with his mother, the complaint contains few factual allegations explaining how either Defendant, through his or her own conduct, deprived Plaintiff of a constitutionally protected right.

For example, Plaintiff does not allege facts explaining the nature of the challenged designation, the authority under which it was imposed, the procedures that were constitutionally required but denied, or how the designation resulted in the alleged deprivation of a protected liberty interest. Instead, Plaintiff largely recites legal conclusions that his constitutional rights were violated without alleging sufficient underlying facts to make those conclusions plausible.

"To establish a procedural due process claim, a plaintiff must first show the deprivation of a liberty or property interest protected by the Due Process Clause."

*Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998) (citing *Board of Regents v. Roth*, 408 U.S. 564 (1972)). In cases alleging reputational harm, "allegations of injury to reputation alone do not support a section 1983 claim for violation of due process, and therefore must be accompanied by a constitutionally recognized injury." *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 712 (1976)). This standard – known as the "stigma-plus standard" – means that a plaintiff must "show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation." *Id.* (citing *Paul*, 424 U.S. at 712). Plaintiff alleges that APS assigned him an internal designation, and that the designation caused reputational and emotional harm and interfered with his relationship with his mother. However, Plaintiff does not allege facts showing that the designation itself altered Plaintiff's legal status or deprived him of a protected liberty or property interest. Nor does Plaintiff explain how Defendants' conduct – as opposed to the independent decisions of third parties – caused any alleged deprivation. Without such factual allegations, Plaintiff has not plausibly alleged a procedural due process claim.

Additionally, Plaintiff fails to allege each Defendant's personal participation in the alleged constitutional violation. He largely groups Defendants together and does not allege with sufficient specificity what actions each Defendant individually took that violated Plaintiff's constitutional rights. Although Plaintiff alleges that he learned in February 2026 from a non-party APS attorney that he had been designated as an "accused perpetrator," Plaintiff does not allege any facts showing that either Rich or Knazur made or approved that designation. Instead, Plaintiff alleges that

Rich requested to meet with him and told him that he was being investigated for a federal crime. Plaintiff alleges almost no specific conduct attributable to Knazur beyond identifying him as a supervisor. Such allegations are insufficient to state a plausible § 1983 claim against either Defendant.

Accordingly, the Court concludes that the complaint fails to allege sufficient factual matter to state a plausible procedural due process claim under § 1983. The motion to dismiss is therefore due to be granted on this ground. Although the Court has reservations as to whether Plaintiff can cure these deficiencies, in an abundance of caution, the Court will grant leave to file an amended complaint, if Plaintiff may do so in good faith.

Because the Court concludes that the complaint fails to state a plausible claim for relief, it need not address Defendants' remaining arguments for dismissal, including their assertions regarding qualified immunity, Eleventh Amendment immunity, shotgun pleading, and Plaintiff's alleged failure to satisfy any pre-suit notice requirement.[2] Those arguments may be renewed, if appropriate, in response to any amended complaint.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. "Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law" (Doc. 10) is hereby **GRANTED IN PART**, as set forth

---

[2] Although Defendants devote a portion of their motion to Eleventh Amendment immunity, the Court notes that the complaint expressly identifies Defendants as being sued in their individual capacities. Accordingly, the Court does not construe the complaint as asserting official-capacity claims against Defendants.

herein.

2. Plaintiff is directed to file an amended complaint on or before August 25, 2026. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE